UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHENZHENSHI JINFANQI TRADING CO., LTD.,

                              Petitioner,

        -v-

AMAZON.COM, INC. *and* AMAZON.COM SERVICES, LLC,

                            Respondents.

---

26 Civ. 1275 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion to partially vacate and partially confirm an arbitral award (the "Award") in a dispute between petitioner Shenzhenshi Jifanqi Trading Co., Ltd. ("SJT"), a seller of consumer products, and respondents Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"). The motion, by SJT, seeks to (1) vacate the Award's finding as to Amazon's actual damages, and (2) confirm the Award's finding as to the enforceability of the liquidated damages provision in the parties' agreement.

For the reasons that follow, the Court denies the motion for partial vacatur of the Award, and grants the motion for partial confirmation of the Award.

## I.     Background

### A.     The Parties

SJT is a Chinese limited liability company that sold consumer products on Amazon's digital marketplace, the Amazon.com store. Dkt. 6 ("Mot.") at 1.

Amazon is a Delaware limited liability company with its principal place of business in Seattle, Washington. Dkt. 20-2 ("Award") at 1. It is the owner and operator of the Amazon.com store. Dkt. 19 ("Opp'n") at 2.

**B.      The Parties' Agreement**

To become an authorized seller on Amazon.com, SJT agreed to adhere to Amazon's business solutions agreement ("BSA"). Opp'n at 2. That agreement, *inter alia*, requires that sellers offer authentic products only. *Id.* (citing Dkt. 20-1 ("BSA")). Section 2 of the BSA provides that, in the event the seller violates that rule, Amazon may "withhold any payments to [the seller] for as long as we determine any related risks to Amazon or third parties persist." BSA at 4. It further provides that, if Amazon determines that an account has been used to engage in fraudulent activity, including the sale of counterfeit goods, Amazon "may in our sole discretion permanently withhold any payments to you." *Id.*

The BSA also contains a mandatory arbitration clause:

> Amazon and you both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court . . . . The arbitration will be conducted by the American Arbitration Association (AAA) under its commercial rules.

*Id.* at 10.

**C.      The Underlying Dispute**

On September 6, 2023, Amazon suspended SJT's account on the ground that it had engaged in a fraudulent scheme with respect to Amazon's liquidation program. Award at 5–6. The liquidation program allows third-party sellers to request that Amazon find buyers for unwanted inventory, and to recover a portion of the value of any products sold. *Id.* At SJT's request, Amazon liquidated SJT's full inventory of eyeliner products, resulting in SJT receiving $128,530.24. *Id.* at 12. Amazon's investigation of these sales, however, revealed that SJT's product was not the brand of eyeliner it purported to be (which had a sale price of $44.99) and instead was a lower-cost eyeline product (which retailed for approximately $5.99). *Id.* Amazon accordingly froze the funds in SJT's account, which consisted of $163,323.33, of which

$143,206.41 was present in its North American account (the "seized funds"), pursuant to Section 2 of the BSA. *Id.* at 6.

### D.    Arbitration

On October 9, 2024, SJT filed a demand for arbitration, seeking, *inter alia*, release of the seized funds and a declaration that Section 2 was unenforceable. Dkt. 2-2. On November 5, 2024, Amazon filed its answer and counterclaims, including one for breach of contract. Dkt. 20-7 ("Answer"). Steve H. Reisberg (the "Arbitrator") was appointed as the arbitrator, pursuant to the AAA rules. Mot. at 10.

On July 6, 2025, the Arbitrator entered Procedural Order No. 3, which found that Section 2 was unenforceable because it was "not a valid liquidated damages clause." Dkt. 2-5 ("PO No. 3") at 19–20. The Order, however, permitted Amazon to introduce evidence at the merits hearing in support of its contrary position. *Id.*

On October 3, 2025, the Arbitrator held a merits hearing as to SJT's arbitration motion and Amazon's counterclaims. Award at 4. The Arbitrator heard testimony from SJT's chief executive officer and an Amazon risk manager, and received 110 exhibits into evidence. *Id.* at 4–5.

On November 19, 2025, the Arbitrator issued the Award. Dkt. 20-2. Salient here, the Award found, based on the evidence at the merits hearing, that: (1) SJT breached the terms and conditions of the liquidation program, such that Amazon was entitled to actual damages (in the amount of $128,530.24, plus unpaid fees of $58,006.24); (2) Section 2 was not a valid liquidated damages clause and did not allow Amazon to retain the seized funds; but that (3) Amazon could

3

nevertheless retain the seized funds "as partial compensation for its actual damages." Award at 15–17.[1]

On December 4, 2025, SJT filed a motion before the Arbitrator to modify the Award to "effectuate the necessary computational consequence of the determination that Section 2 is an invalid liquidated damages clause." Dkt. 20-11 at 1. On December 31, 2025, the Arbitrator denied that motion because it challenged the merits of the Award, rather than a clerical, typographical, or computational error, as required for a modification motion under the AAA rules. Dkt. 20-12 at 2.

### E.    Procedural History

On February 15, 2026, SJT filed the first motion to partially vacate and partially confirm the Award. Dkt. 2. On February 24, 2026, SJT filed an amended motion, which is the operative motion today. Dkt. 6. SJT attached a supporting memorandum of law, Dkt. 7 ("Mem."), and exhibits, Dkts. 2, 6. *Id.*[2]

On March 5, 2026, this case was reassigned to this Court. On March 23, 2026, the Court issued a briefing schedule as to SJT's motion. Dkt. 17. On April 16, 2026, Amazon opposed the

---

[1] The Award found that Amazon's total damages were $43,330 more than the amount Amazon had seized from SJT's account. Award at 17 n.3. Amazon, however, stated at the merits hearing that it was satisfied with a damages award equal to the amount of the seized funds. *Id.*

[2] SJT did not attach the same exhibits in connection with the instant motion as it did in connection with its first motion to vacate. *Compare* Dkt. 2, *with* Dkt. 6. Because the instant motion references the first motion's exhibits, the Court considers those exhibits.

motion insofar as it sought vacatur of the Award. Dkt. 19. On April 29, 2026, SJT replied. Dkt. 21 ("Reply").[3] On July 23, 2026, Amazon filed supplemental authorities. Dkt. 22.[4]

## II.    Overall Legal Framework

The Federal Arbitration Act ("FAA") authorizes a district court to review an arbitral award and to "confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Judicial review of arbitral awards is "severely limited, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Scandinavian Reins. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012) (citation omitted). A reviewing court owes "strong deference" to "arbitral awards and the arbitral process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).

## III.    Motion to Partially Vacate the Award

SJT moves to vacate the Award insofar as it authorized Amazon to retain $143,206.41 in seized funds as actual damages. Mem. at 23. Amazon opposes this motion. Opp'n at 8–9.

### A.    Applicable Legal Standard

A party seeking to vacate an arbitral award "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Id.* (citation omitted). Rather,

---

[3] The Reply runs 22 pages, not including the cover page, signature page, and table of authorities. *See* Reply at 5–27. This Court's Individual Rules state that "reply memoranda are limited to 10 pages," unless prior permission is granted. *See* Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3(C). Because SJT did not seek permission to exceed that page limit, the Court considers only the first 10 pages of the Reply (pp. 5–15).

[4] Amazon states that these are two Southern District of New York decisions denying motions to vacate under circumstances similar to those presented here. Dkt. 22 at 1. Because SJT has not had an opportunity to respond to these authorities, the Court does not consider them.

under the FAA, "[i]f there is 'even a barely colorable justification for the outcome reached,' the court must confirm the arbitration award." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 13 (2d Cir. 1997) (quoting *In re Andros Compania Maritima, S.A.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Two grounds for vacatur are relevant here.

*Section 10(a)(4)*: The FAA authorizes vacatur where the arbitrator exceeded his powers. A party seeking relief under this provision "bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' a court's conviction that the arbitrator has 'committed serious error' in resolving the disputed issue 'does not suffice to overturn his decision.'" *ReliaStar Life Ins. Co. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (quoting *United Paperworkers Int'l Union AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "Whether the arbitrator correctly decided an issue is *not* the question before the reviewing court." *Wells Fargo Advisors LLC v. Tucker*, 373 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) (Engelmayer, J.) (emphasis in original). A court may vacate the award only if it finds that the arbitrator substituted his "own notions of economic justice" for the parties' agreement. *Oxford Health Plans LLC*, 569 U.S. at 569 (quoting *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000)) (cleaned up).

*Manifest Disregard*: An arbitral award may be vacated if it is in "manifest disregard" of the law or the terms of the parties' relevant agreement. *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451 (2d Cir. 2011). This standard "largely operates as a judicial gloss on the specific grounds for vacatur enumerated in section 10 of the FAA," rather than broadening those grounds. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 15 Civ. 7428 (PAE), 2016 WL 3913599,

at *10 (S.D.N.Y. July 15, 2016) (citation omitted); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (FAA's grounds for vacatur are "exclusive"). Vacatur for manifest disregard of the law is "a doctrine of last resort," reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Accordingly, manifest disregard of the law "means more than error or misunderstanding with respect to the law." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986).

## B.    Discussion

### 1.    Whether the Arbitrator Exceeded His Powers

An arbitrator may exceed his authority by (1) "considering issues beyond those the parties have submitted for [his] consideration," or (2) "reaching issues clearly prohibited by law or by the terms of the parties' agreement." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011).

#### a.    Unpled Relief

SJT argues that the Arbitrator acted "outside the scope of the submission" by awarding "a de facto damages offset that was never requested in Amazon's formal pleadings." Mem. at 14–15. That argument fails for at least two reasons.

First, Amazon *did* request actual damages in connection with its breach of contract counterclaim. In its answer to SJT's demand for arbitration, Amazon brought a counterclaim for breach of contract, alleging that SJT "has caused and will continue to cause Amazon monetary damages in an amount to be proven at an evidentiary hearing." Answer ¶ 28. The Answer stated: "Amazon, elects to present its counterclaims against Claimant—which seek monetary relief in excess of $50,000, and are thus not subject to expedited procedures—through a live evidentiary hearing with witness testimony." *Id.* ¶ 14; *see also id.* at 10 (prayer for relief,

7

seeking award of damages "in an amount to be determined at an evidentiary hearing, which at this time, are believed to be in excess of $50,000"). The record thus contradicts SJT's claim that Amazon did not seek an actual damages award.

Second, even if Amazon had not sought the damages remedy it received, the Arbitrator did not exceed his powers in ordering it. "It is indisputable that arbitrators have no authority to rule on an issue not submitted to them," but "there is no parallel *per se* rule that it is beyond the authority of the arbitrators to issue a remedy directed to an issue squarely before them unless it was requested by one of the parties." *Harper Ins. Ltd. v. Century Indem. Co.*, 819 F. Supp. 2d 270, 277 (S.D.N.Y. 2011). Amazon's breach of contract counterclaim was submitted to the Arbitrator. *See* Answer ¶¶ 24–29. It was therefore within the Arbitrator's authority to fashion a remedy for that breach, even if it was not the one expressly requested. *See, e.g., Capgemini U.S. LLC v. Sorensen*, No. 4 Civ. 7584, 2005 WL 1560482, at *8 (S.D.N.Y. July 1, 2005) (denying vacatur where petitioner "disputes the form that the damages for the 10,201 shares took," but "does not dispute that liability for the shares was a central issue in the arbitration and was fully litigated"); *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Cap. Mgmt.*, No. 16 Civ. 2668, 2016 WL 3959277, at *5 (S.D.N.Y. July 13, 2016) (same because, "[w]hile the Committee did not specifically request interest on the $24,000,000, the Committee did request damages relating to the sale of Cornerstone"); *Chelsea Grand LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 16 Civ. 5301, 2017 WL 1102699, at *6 (S.D.N.Y. Mar. 23, 2017) (same, where petitioner had not sought "penalties for any non-compliance," but arbitrator awarded punitive damages).

SJT argues that decisions regarding unrequested remedies are "distinguishable" because they "do not hold that a general request for damages authorizes an arbitrator to retroactively

ratify a party's pre-award retention of specific funds under a contractual provision the arbitrator has already declared unenforceable." Reply at 11. But regardless whether such decisions entailed this precise fact pattern, they are applicable insofar as they affirm that arbitrators have ample flexibility in fashioning a damages award. *See Sorensen*, 2005 WL 1560482, at *8 ("The Arbitration Act was intended to give arbitrators wide latitude in resolving contractual disputes."); *Harper Ins. Ltd.*, 819 F. Supp. 2d at 276 (where "arbitration clause is broad . . . arbitrators have the discretion to order remedies they determine appropriate" (quoting *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)). That is especially true where, as here, the arbitration is governed by the AAA's rules, Dkt. 20-1 at 10, which provide that the Arbitrator "may grant *any remedy or relief* that the Arbitrator deems just and equitable and within the scope of the agreement of the parties," AAA, Commercial Arbitration Rules and Mediation Procedures R-49(a) (Sept. 1, 2022) (emphasis added).

The Court accordingly finds that the Arbitrator acted within the scope of his authority in permitting Amazon to retain the seized funds as partial compensation for its actual damages.

b.     *Internal Inconsistency*

SJT next argues that the Arbitrator exceeded his authority because the Award is "manifestly internally inconsistent." Mem. at 15. SJT argues that the Award's finding as to the unenforceability of Section 2 cannot be reconciled with its determination that Amazon could retain the seized funds as "partial compensation." *Id.* at 15–16.

This argument fails at the threshold. "Internal inconsistencies . . . are not grounds to vacate" an award, even if there is a "plausible argument that the arbitrator's decision was misguided." *Saint Mary Home, Inc. v. Serv. Emps. Int'l Union, Dist. 1199*, 116 F.3d 41, 44–45 (2d Cir. 1997). The purported inconsistency of the Award thus does not clear the "high hurdle"

for vacatur under section 10(4) of the FAA. *Stolt-Nielsen S.A.*, 559 U.S. at 671. Because the Arbitrator provided more than "a barely colorable justification for the outcome reached," the Award should be upheld. *Jock*, 646 F.3d at 122 (quoting *ReliaStar Life Ins. Co.*, 564 F.3d at 86).

### 2.    Whether the Arbitrator Manifestly Disregarded the Law

A court may vacate an arbitral award based on the arbitrator's manifest disregard of the law only if it "finds both that (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)) (cleaned up).

SJT argues that the Award should be vacated because the Arbitrator manifestly disregarded the law in two ways.

First, SJT argues that the Arbitrator disregarded the mandatory procedural requirement, under Washington law, that actual damages "must be pleaded and proved with specificity." Mem. at 18–19. The Arbitrator, SJT contends, should have required Amazon to return the seized funds and then bring a counterclaim to prove actual damages through a "formal accounting." *Id.* at 19. But SJT has not identified a "clearly defined law or legal principle" requiring the return of wrongfully seized funds in advance of an evidentiary hearing as to actual damages, or shown that the Arbitrator "understood but chose to disregard" that principle. *Duferco Int'l Steel Trading*, 333 F.3d at 385. SJT thus has not shown that the Arbitrator "willfully flouted the governing law." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 217 (2d Cir. 2002).

Second, SJT argues that the Arbitrator erroneously relied on *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166 (W.D. Wash. 2014), *aff'd*, 691 F. App'x 406 (9th

Cir. 2017), which is "legally irrelevant to the dispute." Mem. at 19. The Award, however, did not rely on that decision, which was offered only as further support for the outcome it reached. *See* Award at 14 (Arbitrator "*also* rejects SJT's arguments under the authority of *Hard 2 Find Accessors, Inc.*" (emphasis added)). And even if that decision were incorrectly interpreted by the Arbitrator and essential to the Award, such would still not be an error so "egregious" as to constitute manifest disregard of the law. *See Wallace*, 378 F.3d at 190 ("we have used the manifest disregard of law doctrine to vacate arbitral awards only in the most egregious instances of misapplication of legal principles").

Because both arguments fail, the Court denies SJT's motion for vacatur based on manifest disregard of the law.

## IV.    Motion to Partially Confirm the Award

SJT moves to confirm the Award with respect to its finding that Section 2 of the BSA is invalid and unenforceable. Mem. at 22. Amazon does not oppose that motion. *See* Opp'n at 1.

### A.    Applicable Legal Standard

A petition to confirm an arbitral award is "treated as akin to a motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 109. If the petition is "unopposed," the Court "may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399, 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (quoting *id.* at 109–10). The movant's "burden is not an onerous one." *NYC Dist. Council of Carpenters Pension Fund v. Angel Const. Grp., LLC*, No. 8 Civ. 9061, 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009). The award should be confirmed if there is a "barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting

11

*Landy Michaels Realty Corp. v. Loc. 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

### B.    Discussion

The Court finds partial confirmation justified.  The Award, and the procedural order that it incorporated by reference, provided a thorough explanation for its conclusion that Section 2 is invalid and unenforceable.  *See* Award at 15–16; PO No. 3 at 5–20.  That is more than sufficient to warrant confirmation.  *See, e.g.*, *Willemijn Houdstermaatschappij, BV*, 103 F.3d at 12 ("arbitrators are not required to provide an explanation for their decision"); *Pike v. Freeman*, 266 F.3d 78, 87 (2d Cir. 2001) (award with "no explanatory opinion" should be confirmed "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case" (citation omitted)).

The Court accordingly grants SJT's motion to confirm the Award's finding as to Section 2 of the BSA.

### CONCLUSION

For the foregoing reasons, the Court denies SJT's motion to vacate the Award's finding as to Amazon's actual damages and grants the motion to confirm the Award's finding as to the unenforceability of Section 2.

The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

Paul A. Engelmayer

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 24, 2026
       New York, New York

12